## G. L. MUSSEY v. A. C. BATES AND S. C. CURTIS.

### [In Chancery.]

*Deed, when a Mortgage. Pleading. Practice. Written Agreement. Parol Evidence.*

The question made by the pleadings was whether a deed absolute in form was a mortgage; and on the hearing before the master, the parties entered into a written agreement relative to the accounting and the final disposition of the case; *Held*, that parol evidence, as the agreement was not ambiguous, was not admissible on a subsequent hearing to show that the real agreement was not expressed in the writing as understood by the orator; and that the case is wholly unlike *Flint* v. *Jonhson*, 59 Vt. 190, where the pleadings were adapted to the reformation of the agreement, though made after the original suit was commenced.

Bill in Chancery. Heard on the pleadings, a special master's report and exceptions thereto, March Term, 1887, Taft, Chancellor. The 1st and 2d exceptions overruled; the 3d exception sustained; and decree for the orator in accordance with the prayer of the bill. It was further adjudged that there was due the defendants the sum of $21,496.73; and the orator was ordered to pay it on or before August 1, 1887, and on payment of it, the defendants were to convey to him.

The 1st exception related to the master's refusal to receive parol evidence as to the construction of the stipulation; and the 2d exception, to his refusal to receive evidence to prove that a tender had been made to the defendants of what they had expended on the farm in dispute, and $500.00 in excess to cover incidental expenses. It appeared that the defendants claimed $2950.00 for their personal services in carrying on the farm, and that the master allowed them therefor $954.00. The 3d exception was taken to the allowance of this claim. The master also allowed to the defendants the sum of $21,496.73, money paid for the farm, stock, improvements, interest, etc. The agreement entered into by the parties contained the following clause : "If there shall arise any question of the propriety of any improvement and expenditure made by defendants upon the property, the master, or person to whom the same is referred, shall allow for all expenditures that a prudent man would have made if he owned the property."

The orator offered to prove by Mr. F. M. Butler, that he, Mr. Baker, Judge Dunton and George L. Mussey were present at the time of signing the said agreement; that some objection to the above quoted clause was made; that Mr. Baker stated that the stipulation did not change the law, that the rule of law that would be applied in case Mussey should prevail would be the same, as stated in the stipulation; and it was stated that the stipulation, would be construed, to mean an "owner of the property under similar circumstances, and with a similar title;" and Mr. Baker said, it would be so construed as he understood him, that it would hold them to good faith in the expenditures, and to similar ownership. Mr. Mussey hesitated somewhat, but after the aforesaid statement of Mr. Baker, he signed the paper.

The orator also offered to prove that he sent an agent to defendant Bates, who offered to pay him what he had expended for the orator and $500.00 in addition, if they would give Mussey a clear deed of their right; and that Bates said that he should do nothing about it. The offered evidence was refused.

The said agreement contained the following clause : " This stipulation is made without any admission of the truth of any matter charged in said bill of complaint, and said Mussey is not to have or claim any interest or right in or to said land by reason of this stipulation except by making payment as hereinbefore stipulated."

*C. H. Joyce*, for the orator.

The case of *Flint* v. *Johnson*, 9 Alt. Rep. 364 (59 Vt. 190) is full authority, that the offered evidence was admissible to prove that before, and at the time, this stipulation was made it was talked over, and agreed between the parties, that a certain clause in it, should not be construed to change the legal rights and status of the parties, as they then stood under the law.

It was also proper to show that before this bill was served, the orator offered to pay defendants, and that they refused it ; as the refusal obviated the necessity of making a tender.

*J. C. Baker*, for the defendants.

Decrees by consent made upon stipulations are favored, and should be adhered to.

No proceeding was pending or had been commenced to attack or set aside this stipulation or the direction to the master to take the account according to it.

The opinion of the court was delivered by

Ross, J.    The bill alleges that certain absolute deeds held by the defendants were given to secure them for money advanced for the orator, and he prays to have the conveyances declared to be mortgages, and to be allowed to redeem.    The defendants deny that the conveyances were given as security for money advanced, and affirm that the conveyances were absolute, and given to them as purchasers of the property described in the deeds.    The answer was traversed, the case referred to a master, and, after one or two days' hearing, the

Mussey v. Curtis.

parties came to an agreement, which they put in writing, by which the master was to take the account of the cost of the premises to the defendants, according to the stipulation of the parties, and that, if the orator should then pay the sum, found by the master, as the cost of the premises to the defendants, they were to re-convey the premises to the orator, or the court should decree a reconveyance; and, if the orator failed to pay the sum found, the bill was to be dismissed. The accounting went on before the master, who proceeded therein in accordance with the plain terms of the stipulation of the parties, and ascertained the sum due the defendants. During the hearing the orator offered certain testimony tending to show that the stipulation signed by the parties relative to the accounting, did not express the real agreement of the parties as understood and made by the orator. It is not contended that the terms of the stipulation are ambiguous, nor that the master has failed to interpret them correctly, as written. The master excluded the offered evidence. This is the supposed error of which the orator complains. We think the master was clearly right in excluding the offered evidence under the state of the pleadings. The offered evidence could have relation only to reforming the written stipulations entered into by the parties. The bill was not framed, nor the pleadings adapted to any such issue. On the pleadings no reformation of the stipulations could be decreed by the court, and no such issue was before the master. The case is wholly unlike *Flint* v. *Johnson*, 59 Vt. 190, cited by the orator's solicitor. In that case the pleadings were adapted to the reformation of the agreement of the parties. The Court of Chancery properly overruled the orator's exceptions to the master's report. The decree of the Court of Chancery is affirmed, and the cause remanded,